FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 02 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
JOSHUA BRISTER
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Joshua.Brister@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN MICHAEL KEALOHA,

Defendant.

No. 2:21-cr-00259-APG-VCF

**Binding Plea Agreement Pursuant to Fed. R. Crim. 11(c)(1)(C) for Defendant Kevin Michael Kealoha**

This plea agreement between Kevin Michael Kealoha ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, and fines in the above-captioned case. **This is a binding agreement pursuant to Federal Rule Criminal Procedures 11(c)(1)(C).** The government and the defendant agree that a sentence of 180 months' imprisonment and a supervised release term of 5 years is appropriate in this case. If the district court accepts the plea agreement, it will be obligated to impose the agreed-upon sentence. This agreement binds defendant, the USAO, and the district court and does not bind the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including

administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts One, Three, Five, Seven, Nine, and Eleven of the indictment in this case, which charge defendant with Carjacking in violation of 18 U.S.C. § 2119(1); to Count Eight, which charges the defendant with Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and to Count Thirteen, which charges defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

b. Stipulate to the facts agreed to in this agreement;

c. Abide by all agreements regarding sentencing contained in this agreement;

d. Not seek to withdraw defendant's guilty pleas once they are entered;

e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f. Not commit any federal, state, or local crime;

g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

## II. THE USAO'S OBLIGATIONS

2. The USAO agrees to:

a. Stipulate to facts agreed to in this agreement;

b. Abide by all agreements regarding sentencing contained in this agreement;

c. At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section;

d. At sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

e. Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSES

3. Counts One, Three, Five, Seven, Nine, and Eleven: The elements of Carjacking under 18 U.S.C. § 2119(1) are as follows:

First: The defendant intentionally took or attempted to take a motor vehicle from a person or the presence of another person;

Second: The defendant did so by means of force and violence or intimidation;

Third: The motor vehicle had been transported, shipped, or received in interstate or foreign commerce; and

Fourth: The defendant intended to cause death or serious bodily injury.

*See United States v. Vickers*, 815 F. App'x 147, 149 (9th Cir. 2020).

4. Count Eight: The elements of Discharging a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(iii) are as follows:

First: The defendant committed the crime of Carjacking, which is a crime of violence; and

Second: The defendant knowingly discharged a firearm during and in relation to that crime.

*See* Ninth Circuit Model Criminal Jury Instruction 14.22 (2022 ed.).

5. Count Thirteen: The elements of Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) are as follows:

First: The defendant knowingly possessed the firearm as charged;

Second: At the time he possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

Third: At the time he possessed the firearm, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth: The possession of the firearm was in or affecting commerce.

*See* Ninth Circuit Model Criminal Jury Instruction 14.16 (2022 ed.).

## IV. CONSEQUENCES OF CONVICTION

6. Maximum and Minimum Statutory Penalties:

a. Defendant understands that the statutory maximum sentence the district court can impose for each violation of Carjacking under 18 U.S.C. § 2119(1) as charged in Counts One, Three, Five, Seven, Nine, and Eleven, is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

b. Defendant understands that the penalty the district court can impose for Discharging a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(iii) as charged in Count Eight is: **a minimum term of 10 years' imprisonment** and a maximum term of life; a maximum 5-year period of supervised release; a maximum fine of $250,000; and a mandatory special assessment of $100. **The sentence imposed for this count must be served consecutively to any other sentence of imprisonment imposed on the defendant.**

c. Defendant understands that the statutory maximum sentence the district court can impose for a violation of Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in Thirteen is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

d. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a 5-year period of supervised release; a fine of $2,000,000; and a mandatory special assessment of $800.

7. Criminal Forfeiture: Defendant understands that the district court will impose forfeiture of the property.

8. Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

9. Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of

any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release.

10. Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

11. Potential Collateral Consequences of Conviction: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Potential Removal/Deportation Consequences of Conviction: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him

about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V. FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

From July 11, 2017 to July 13, 2017, the defendant possessed a Glock 21, .45 caliber handgun, bearing serial number SPS197.

On July 11, 2017, TG was seated in the driver's seat of her 2016 Chrysler 300 (NV #LVD21U) at 7000 Warbonnet Way, Las Vegas, Nevada, when the defendant approached her with the Glock firearm, pointed the handgun at her, and opened the driver's side door of her vehicle to gain entry. Fearful for her life, TG fled through the passenger side door of the 2016 Chrysler 300, and the defendant drove away in TG's car.

On July 13, 2017, the defendant arrived at a gas station located at 9111 South Las Vegas Boulevard, Las Vegas, Nevada, in the above-mentioned stolen 2016 Chrysler 300. At the gas station, the defendant approached JQM and JQM's 2008 Dodge 1500 (NV#338B29). Defendant pointed the Glock handgun at JQM and told JQM to run. Fearful for his life, JQM ran away from his car. The defendant then entered the driver's side of JQM's car with the intention of

taking the car. However, the keys to the 2008 Dodge 1500 were not in the car, so Defendant could not drive off in it. The defendant then re-entered the stolen 2016 Chrysler 300 and drove away.

On July 13, 2017, the defendant entered a parking lot located at 2075 East Flamingo Street, Las Vegas, Nevada. Defendant was driving the above mentioned stolen 2016 Chrysler 300. Inside the parking lot, the defendant exited the Chrysler 300 and approached KG, who was seated in the driver's seat of her 2013 Chevrolet Cruze (NV #856LKJ). The defendant opened the driver's side door of the 2013 Chevrolet Cruze, pointed the Glock handgun at KG, and said, "Get the fuck out!" Fearful for her life, KG exited her 2013 Chevrolet Cruze, and the defendant entered KG's car and drove away.

On July 13, 2017, the defendant, who was driving the above-mentioned stolen 2013 Chevrolet Cruze, attempted to cause DR, who was driving a 2000 Ford F250 (NV #GRAWP), to pull over. The passenger in DR's truck was her 10-year-old daughter. The defendant repeatedly slowed down in front of DR's truck, driving erratically to cause her to stop. DR would not stop and instead pulled into a parking lot located at 4505 South Maryland Parkway, Las Vegas, Nevada. She and her daughter remained inside the truck. The windows to DR's truck were tinted. The defendant then pulled up behind DR's parked truck and began revving his engine, attempting to cause DR to exit the truck so that defendant could take the 2000 Ford F250 from DR at gunpoint. When DR refused to exit her truck, the defendant pointed the Glock pistol at the driver's side of the truck and fired at least 6 shots. DR shielded her daughter with her body while defendant was firing into the truck. Bullets entered into the cab of the truck, and one of the bullets barely missed DR's head, and caused a burn to the area near her ear. DR and her 10-year-old child sustained cuts from exploding glass caused by the gunshots. Law enforcement was able to document 6 bullet impact points on DR's truck and

recovered .45 caliber shell casings. The casings were later forensically matched to the defendant's Glock 21 handgun. After discharging his firearm, the defendant drove away from the location in the stolen 2013 Chevrolet Cruze.

On July 13, 2017, the defendant arrived at a driveway located in Henderson, Nevada in the above-mentioned stolen 2013 Chevrolet Cruze, where he approached GH, who was seated in the driver's seat of an Acura ILX (NV #30G018). The defendant exited the 2013 Chevrolet Cruze holding the Glock handgun in his hand and ordered GH to get out of his car. Fearful for his life, GH exited his Acura ILX, and the defendant entered GH's car and drove away. The Acura, however, was a manual transmission, and the defendant abandoned the car some blocks away.

On July 13, 2017, the defendant, who was on foot after abandoning the stolen Acura, approached AV, at 3001 West Warm Springs Road, Henderson, Nevada, who was walking to her 2010 Kia Forte (NV #902LFW). As she approached her car, the defendant grabbed AV's hand that contained her car key, told her to give him the key, and stated, "I don't want to kill you." AV asked the defendant if she could keep her house key and give him the car key, and the defendant responded by displaying the Glock firearm. Fearful for her life, AV gave the defendant all her keys. The defendant then entered AV's 2010 Kia Forte and drove away from the location.

On July 13, 2017, the 2010 Kia Forte (NV #902LFW) was recovered in San Bernardino, CA, where defendant was ultimately arrested after committing another carjacking and leading police on a chase. At the time of defendant's arrest in California, police recovered the Glock 21 .45 caliber pistol, bearing serial number SPS197, that defendant used in the aforementioned carjackings, as well as a backpack with items belonging to TG, the owner of the stolen Chrysler

300. The recovered Glock 21 was later forensically matched to having fired the casings recovered in the attempted carjacking of DR and her daughter.

The defendant admits that by brandishing the firearm and by discharging the firearm, he intended to cause death or serious bodily injury, and that he took the aforementioned vehicles by force, violence, and intimidation. He further admits that all of the aforementioned vehicles had been transported, shipped, or received in interstate or foreign commerce. The defendant further admits that at the time he possessed the Glock firearm that he used in each of the carjackings, the defendant had previously been convicted in the state of Hawaii of crimes punishable by imprisonment for a term exceeding one year, to wit: Theft 1, Case No. CR09-1-0138, Maui Circuit Court, on March 11, 2010; Forgery 2, Case No. CR02-1-0462, Maui Circuit Court, on January 29, 2003; and Assault 2, Case No. CR01-1-2834, Oahu Circuit Court, on July 9, 2002. Furthermore, at the time he possessed the Glock firearm, the defendant also knew he had been convicted of said crimes, which were punishable by imprisonment for a term exceeding one year.

The defendant also admits that the Glock firearm was manufactured outside of Nevada, meaning it was shipped or transported from one state to another or between a foreign nation and the United States in order to reach Nevada.

The defendant admits all the above-mentioned conduct occurred in the State and Federal District of Nevada.

## VI. SENTENCING FACTORS

14. Discretionary Nature of Sentencing Guidelines: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any

expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

15. Offense Level Calculations: The parties stipulate to the following calculation of Defendant's offense level under the sentencing guidelines; the Court should use the following base offense level and adjustments; agree that these stipulations will bind the district court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) if it accept this plea agreement; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

| | | |
|---|---|---|
| **Counts 1, 5, 9, 11** | | |
| Base Offense | 20 | § 2B3.1(a) |
| Firearm brandished | +5 | § 2B3.1(b)(2)(C) |
| Carjacking | +2 | § 2B3.1(b)(5) |
| Loss exceeding $20,000 | +1 | § 2B3.1(b)(7) |
| AOL | 28 | |
| **Count 3** | | |
| Base Offense | 20 | § 2B3.1(a) |
| Firearm brandished | +5 | § 2B3.1(b)(2)(C) |
| Carjacking | +2 | § 2B3.1(b)(5) |
| AOL | 27 | |
| **Count 7** | | |
| Base Offense | 20 | § 2B3.1(a) |

| | | |
|---|---|---|
| Bodily Injury | +2 | § 2B3.1(b)(3)(A) |
| Carjacking | +2 | § 2B3.1(b)(5) |
| AOL | 24 | |
| **Count 8** | | |
| Base Offense | 0 | §2K2.4 |
| AOL | 0 | |
| **Count 13** | | |
| Base Offense | 20 | § 2K2.1(a)(4)(A) |
| AOL | 20 | |

**Multiple Count Adjustment**

| Group # | Adjusted Offense Levels | Units |
|---|---|---|
| 1 (Count 1) | 28 | 1 |
| 2 (Count 5) | 28 | 1 |
| 3 (Count 9) | 28 | 1 |
| 4 (Count 11) | 28 | 1 |
| 5 (Count 3) | 27 | 1 |
| 6 (Count 7) | 24 | 1 |
| 7 (Count 8) | 0 | 0 |
| 8 (Count 13) | 20 | 1 |

| | |
|---|---|
| Greater of the Adjusted Offense Levels Above | 28 |
| Increase in Offense Level (§3D1.4) | +5 |
| Combined Adjusted Offense Level | 33 |

The Sentencing Guidelines provide that the Defendant's sentence under Discharging a Firearm During and in Relation to a Crime of Violence (Count 8) in violation of 18 U.S.C. § 924(c)(1)(A)(iii), shall be the minimum sentence required by statute, which in this case is a ten (10) year term of imprisonment because the firearm was discharged. USSG § 2K2.4(b). **The ten (10) year sentence imposed on Count 8 must be served consecutively to any other count**.

16. Career Offender: Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

17. Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing

because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

18. Criminal History Category. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

19. Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty pleas.

## VII. POSITIONS REGARDING SENTENCING

20. **This is a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties will jointly recommend that the district court sentence Defendant to a 180-month term of imprisonment and a 5 year term of supervised release.** The parties recommend that the Defendant be sentenced on Counts 1, 3, 5, 7, 9, 11 and 13 to 60 months per count concurrently, and that the Defendant be sentenced on Count 8 to 120 months consecutive to any other count of conviction, for a total of 180 months. In the event that a sentence of 180 months is outside Defendant's sentencing guideline range as determined by the district court, the parties will jointly request a variance to 180 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 180 months is a reasonable sentence. The parties understand and the defendant acknowledges that, if the district court accepts this binding plea agreement, this recommended 180-month sentence will be binding on the district court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this Plea Agreement in the event that the district court informs the parties that it rejects this binding Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

21. If the district court rejects this binding Plea Agreement, defendant is advised that (a) the district court is not required to follow the plea agreement; (b) both defendant and the USAO have the opportunity to withdraw from the plea; and (c) if he plea is not withdrawn, the district court may dispose of the case less favorably toward the defendant than the plea agreement contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(A)-(C). Defendant acknowledges, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

22. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

23. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

**VIII. WAIVER OF CONSTITUTIONAL RIGHTS**

24. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty;

b. The right to a speedy and public trial by jury;

c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against defendant;

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

25. Waiver of Appellate Rights. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

26. Defendant reserves only the right to appeal any portion of the sentence that is above the applicable Sentencing Guideline range as determined by the district court.

27. Waiver of Post-Conviction Rights. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

28. Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEAs OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONs

29. Consequence of withdrawal of guilty pleas: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than the district court rejecting the binding plea agreement or a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should

the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

30. Consequence of vacatur, reversal, or set-aside: Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement; (b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement; or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XI. BREACH OF AGREEMENT

31. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this

agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

## XII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

32. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

34. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty pleas, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the parties, or impose any sentence up to the maximum established by statute, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty pleas, no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

35. The Defendant acknowledges that:

a. Defendant read this agreement and defendant understands its terms and conditions.

b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

36. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

37. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

38. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

39. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

**XIV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

40. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

CHRISTOPHER CHIOU
Acting United States Attorney

JOSHUA BRISTER
Assistant United States Attorney

Date 5/2/2022

KEVIN MICHAEL KEALOHA
Defendant

Date 05/02/22

MAGGIE LAMBROSE
Attorney for Defendant Kevin Michael Kealoha
Todd Leventhal

Date 05-02-22