TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JOSHUA BRISTER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Joshua.Brister@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-00259-APG-VCF |
| Plaintiff, | |
| v. | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) [ECF NO. 47]** |
| KEVIN MICHAEL KEALOHA, | |
| Defendant. | |

### I.    INTRODUCTION

On August 5, 2025, defendant Kevin Michael Kealoha asked this Court for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court should deny Kealoha's motion for two reasons.  First, Kealoha has failed to establish extraordinary and compelling reasons as to why her sentence should be reduced.  Second, a sentence reduction in this case would not serve the § 3553(a) factors, as it would result in a sentence that does not adequately reflect the nature and seriousness of the offense, nor would it provide adequate deterrence to others or protect the public from future crimes by Kealoha.

///

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

On July 11, 2017, defendant Kevin Michael Kealoha began a carjacking spree, where he carjacked multiple people across Las Vegas at gunpoint. On one date in particular, Kealoha discharged his firearm at a mother and young daughter, narrowly missing them both. For his crimes, Kealoha was sentenced on March 23, 2023 to 180 months in custody. *See* ECF No. 43.

On August 5, 2025, Kealoha filed the instant motion for compassionate release. ECF No. 47. This opposition follows.

## III.    ARGUMENT

### a.    Analytical Framework

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010).  Compassionate release is a rare exception to that rule for extraordinary cases. Prior to December 2018, inmates seeking compassionate release had just one avenue for relief: they could submit a request to the warden of the BOP facility in which they were housed.  If the warden denied the request, there was no mechanism for judicial review. The defendant's sentence could not be amended for medical reasons or any other reason unrelated to the soundness of the conviction itself.

The First Step Act of 2018 changed this.  In the First Step Act, Congress provided a mechanism by which sentencing courts could address a prisoner's direct request for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).  But even as it did so, Congress recognized that the BOP remains the institution best positioned to assess the health, welfare, reentry plan, and current dangerousness of federal inmates.  *Id*.  Thus, Congress imposed a statutory requirement that the inmate either exhaust administrative remedies

2

or give the warden 30 days to consider an inmate's request before the inmate can seek relief from the sentencing court. *Id.*

The current compassionate release statute, in pertinent part, authorizes a court, once a defendant satisfies certain procedural requirements, to "reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c) (paragraph breaks omitted).

The 2023 Sentencing Commission has issued a policy statement regarding compassionate release stating that "extraordinary and compelling reasons" exist where "[t]he defendant is suffering from a terminal illness"; or "[t]he defendant is suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. The policy statement also indicates that certain family circumstances constitute extraordinary and compelling reasons for a sentence reduction. *Id.*

A defendant bears the burden of proving both that she has satisfied the procedural prerequisites for judicial review, and that "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). Even where a defendant has exhausted the administrative process and satisfied the requirement of showing extraordinary circumstances, this Court must weigh the 18 U.S.C. § 3553(a) factors in determining if release is appropriate. 18 U.S.C. § 3582(c)(1)(A)(i).

**b. Kealoha Has Not Demonstrated Extraordinary and Compelling Reasons for Release**

Kealoha seeks compassionate release due to his grandparents alleged critical and incapacitating medical conditions, for whom he alleges he is the only available caregiver. ECF No. 47 at 12. Kealoha states his 86-year-old grandfather suffers from radiation positing, and his 85-year-old grandmother suffers from advanced dementia. *Id.*

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. Regarding the "family circumstances" policy statement, section 1B1.13(b)(3)(D) designates the incapacitation of a grandparent "when the defendant would be the only available caregiver" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(D). However, this is a high bar; "courts have considered compassionate release for the reason of caring for a parent or grandparent, but have found such circumstances do not amount to "extraordinary and compelling" reasons." *United States v. Kleint*, 2022 WL 1991323, at *4 (D. Idaho June 6, 2022) (citing *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (finding that "[m]any, if not all inmates, have aging and sick parents," and as such, it is not a compelling reason for release)).

Additionally, Kealoha states but provides no proof or evidence that his grandparents are, in fact, "incapacitated" or that he is the only available caregiver. He also does not explain if he has other relatives, or if his grandparents have other children or grandchildren—and if there are these other family members, Kealoha does not explain why they are unavailable to provide care. Because it is easy to simply allege the absence of other potential caregivers, a defendant must make "a robust evidentiary showing that defendant is the only available caregiver." *United States v. Bragg*, No. 12CR3617-CAB

4

(S.D. Cal. February 19, 2021) (Dkt. No. 90) (internal quotations omitted); *see also United States v. Morfin-Rios*, No. 3:18-cr-04997-JAH, 2023 WL 4355341, *5 (S.D. Cal., July 5, 2023) (denying motion for compassionate release based on insufficient proof of "incapacitation" and that defendant was "the only available caregiver" as opposed to the "preferred caregiver."); *United States v. Grandhe*, No. 1:22-CR-00198-JLT-1, 2023 WL 7926084, *3 (E.D. Cal., Nov. 16, 2023) (finding defendant failed to establish extraordinary and compelling reasons for his release in part because he "d[id] not explain why he and his family cannot contract for a care provider to assist in his mother's care."). Here, Kealoha has failed to provide sufficient evidence as to both incapacitation and that he is the only person who can serve as a caregiver.

While the Government acknowledges that these family circumstances are difficult, they do not rise to the level of extraordinary and compelling. Accordingly, Kealoha has not established her eligibility for a sentence reduction.

### c. The Factors in 18 U.S.C. § 3553(a) Weigh Against Release

Even if Kealoha could demonstrate an "extraordinary and compelling" reason for a sentence reduction, which he has not, the § 3553(a) factors do not support his early release. "District courts must determine in each case what constitutes a sentence that is sufficient, but not greater than necessary ... to achieve the overarching sentencing purposes of retribution, deterrence, incapacitation, and rehabilitation." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018) (internal quotation marks and citations omitted).

At sentencing, this Court carefully weighed the 3553(a) factors in calculating Kealoha's sentence and agreed to be bound by the parties' plea agreement, which called for a 180-month term of imprisonment. Kealoha has served less than 4 years of his 15-

year sentence, and early release would not reflect the seriousness of Kealoha's offense or fulfill the need for "just punishment."  18 U.S.C. § 3553(a)(1), (2)(A).  The nature and circumstances of the offense are serious, as Kealoha carjacked 6 different people at gunpoint, and discharged his firearm at a mother and young child, narrowly missing them. Kealoha's 15-month sentence appropriately reflects the nature and circumstances of the offense, and his personal history and characteristics, and this sentence helps to protect the public from further crimes of Kealoha and deter future criminal conduct.  18 U.S.C. § 3553(a)(1) and (2)(A), (B) and (C).  Accordingly, the Section 3553(a) factors also weigh against a sentence reduction.

**IV.    CONCLUSION**

For the foregoing reasons, Kealoha fails to establish an extraordinary and compelling reason that warrants a sentence reduction. Moreover, the Section 3553(a) factors weigh against release.  Thus, the Court should her motion for a sentence reduction.

DATE: July 15, 2026

TODD BLANCHE
Acting Attorney General

*/s/ Joshua Brister*
JOSHUA BRISTER
Assistant United States Attorney

6