**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>KEVIN MICHAEL KEALOHA,<br>Defendant | Case No.: 2:21-cr-00259-APG-VCF<br>**Order Denying Motion for Compassionate Release**<br>[ECF No. 47] |

Kevin Michael Kealoha pleaded guilty to six counts of carjacking, one count of brandishing a firearm during and in relation to a crime of violence, and one count of being a felon in possession of a firearm. In his binding plea agreement, he and the government agreed to a sentence totaling 180 months in custody followed by five years of supervision. ECF No. 36 at 1. He received that sentence. ECF No. 45. He has served less than five years of his sentence, and his current release date is February 10, 2035. *See* https://www.bop.gov/inmateloc/ (last visited 8/6/26). He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A). ECF No. 47.

The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights" by first requesting that the warden release him. 18 U.S.C. § 3582(c)(1)(A). Kealoha's request to the warden for compassionate release was denied. ECF No. 47 at 19. Thus, he has exhausted his administrative remedies.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also

be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A) (referring to U.S.S.G. § 1B1.13(a)(2)).

Kealoha does not offer "extraordinary and compelling" reasons to justify releasing him early. He claims both of his elderly grandparents are in medical distress and he is the only family member available to care for them. ECF No. 47 at 12. But he offers no evidence or argument as to why other family members cannot provide care, or why his grandparents cannot obtain care from non-family members. He has not met his burden of showing and extraordinary and compelling reason for release. *United States v. Bragg*, No. 12CR3617-CAB, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021) ("To establish the extraordinary and compelling requirement for a sentence modification, the defendant must make a robust evidentiary showing that defendant is the only available caregiver.") (simplified)).

Kealoha next argues his sentence "is now disparate relative to [other defendants] who were sentenced" after passage of the First Step Act. ECF No. 47 at 14. However, he offers no evidence of the sentences imposed on other similarly situated defendants since the implementation of the First Step Act. Finally, Kealoha argues that his "remarkable rehabilitation" while in prison justifies compassionate release. *Id.* at 15-17. I congratulate him on completing several courses and taking steps to better himself while in custody. But that, alone, does not constitute an "extraordinary and compelling" justification for early release.

Moreover, release at this time would not be justified in light of the serious nature of the crimes he committed. Kealoha engaged in a dangerous carjacking spree across two days and two states. ECF No. 36 at 7-10. He terrorized several drivers with threats of death backed up by the gun he brandished. *Id.* He fired six shots at one driver and her child passenger, barely missing

the driver but causing both a burn to the driver's ear from the passing bullet and glass cuts to the driver and child. *Id.* at 8. Prior to his carjacking spree, Kealoha had prior convictions for theft, assault, and forgery. *Id.* at 10. Early release from custody at this point would not reflect the seriousness of his crimes and his criminal history.

I THEREFORE ORDER that Kealoha's motion for compassionate release **(ECF No. 47) is denied without prejudice.**

DATED this 6th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE